J-A04037-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PEERLESS INDEMNITY INSURANCE COMPANY, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CINCINNATI INSURANCE COMPANY AND WYATT, INC., | : | |
| | : | |
| Appellants | : | No. 1057 WDA 2014 |

Appeal from the Order Entered June 16, 2014,
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s):  GD13-01706

BEFORE:  BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED APRIL 06, 2015**

Cincinnati Insurance Company (CIC) and Wyatt, Inc. (Wyatt) (collectively Appellants) appeal from an order that, in effect, denied their cross motion for summary judgment and granted the motion for summary judgment filed by Peerless Indemnity Insurance Company (Peerless).  We reverse.

The trial court summarized the background of this matter as follows.

> The underlying lawsuit in this case stems from a construction project involving the renovation of several floors of a building in Downtown Pittsburgh.  Wyatt was the general contractor for the renovation project.  One subcontract agreement that Wyatt entered into was with Franklin Electric (the original defendant in the underlying action, "Franklin").  Franklin purchased a commercial general liability policy from Peerless for the renovation project.  On March 10, 2009[,] Paul Zern (plaintiff in the underlying action, "Zern") was painting an

_____
* Retired Senior Judge assigned to the Superior Court.

area where Franklin had [done some] electrical work. Zern came into contact with a live electrical wire and was injured.

On February 28, 2011[,] Zern filed suit against Franklin. Franklin then joined Wyatt as an additional defendant in the underlying action. After being joined in the underlying action, Wyatt sought defense and indemnification from Peerless, asserting that it was an additional insured pursuant to the commercial general liability policy issued to Franklin by Peerless. Peerless determined that Wyatt did not qualify for coverage as an additional insured[,] and on September 18, 2013[,] Peerless filed a complaint for declaratory judgment seeking a declaration that it did not owe any duty of coverage to Wyatt.

On May 1, 2014[,] Peerless filed a motion for summary judgment. On May 20, 2014[, CIC, the company that insures Wyatt,] and Wyatt filed a cross-motion for summary judgment. On June 3, 2014, argument was held … on the motion and cross-motion for summary judgment. On June [16, 2014, the trial court] issued an order of court that granted Peerless['] motion for summary judgment, thus relieving Peerless from any duty to provide coverage to Wyatt in the underlying action.

On July 3, 2014[, Appellants] filed a notice of appeal. On July 24, 2014[, Appellants] timely filed a concise statement of the errors complained of on appeal[. The trial court subsequently issued an opinion pursuant to Pa.R.A.P. 1925(a).]

Trial Court Opinion, 9/2/2014, at 1-2 (unnecessary capitalization omitted).[1]

In their brief to this Court, Appellants ask us to consider these questions:

1. Is Wyatt an additional insured under the Peerless policy by operation of the "Additional Insured — Owners, Lessees Or Contractors — Automatic Status When Required In A Construction Agreement With You 22-132 (01/08)" endorsement[]?

---

[1] We reorganized the trial court's opinion from one paragraph to four paragraphs.

2. Is Wyatt an additional insured under the Peerless policy by operation of the "Additional Insured — Automatic Status When Required In A Construction Agreement With You — Contractors — Completed Operations 22-135 (01/08)" endorsement[]?

Appellants' Brief at 2-3 (trial court's answers omitted).

We review orders granting summary judgment as follows.

> The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion.…

*Swords v. Harleysville Ins. Companies*, 883 A.2d 562, 566-67 (Pa. 2005) (citations omitted).

This Court has summarized the law regarding insurance contract interpretation and an insurer's duty to defend and indemnify an insured as follows.

> The interpretation of an insurance contract regarding the existence or non-existence of coverage is generally performed by the court.
>
> > Insurance policies are contracts, and the rules of contract interpretation provide that the mutual intention of the parties at the time they formed the contract governs its interpretation. Such intent is to be inferred from the

written provisions of the contract. If doubt or ambiguity exists it should be resolved in insured's favor.

An insurer's duty to defend and indemnify the insured may be resolved via declaratory judgment actions. In such actions, the allegations raised in the underlying complaint alone fix the insurer's duty to defend. As this Court has summarized:

> The duty to defend is a distinct obligation, separate and apart from the insurer's duty to provide coverage. Moreover, the insurer agrees to defend the insured against any suit arising under the policy even if such suit is groundless, false, or fraudulent. Since the insurer agrees to relieve the insured of the burden of defending even those suits which have no basis in fact, the obligation to defend arises whenever the complaint filed by the injured party may potentially come within the coverage of the policy.

Pennsylvania recognizes that a duty to defend is broader than the duty to indemnify. Accordingly, even if there are multiple causes of action and one would potentially constitute a claim within the scope of the policy's coverage, the insurer would have a duty to defend until it could confine the claim to a recovery excluded from the policy.

> The question of whether a claim against an insured is potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the complaint. An insurer may not justifiably refuse to defend a claim against its insured unless it is clear from an examination of the allegations in the complaint and the language of the policy that the claim does not potentially come within the coverage of the policy.

Significantly, [i]t is not the actual details of the injury, but the nature of the claim which determines whether the insurer is required to defend. In making this determination, the factual allegations of the underlying complaint against the insured are to be taken as true and liberally construed in favor of the insured.

***Penn-America Ins. Co. v. Peccadillos, Inc.***, 27 A.3d 259, 264-66 (Pa. Super. 2011) (*en banc*) (citations and quotation marks omitted).

Appellants contend that, when two endorsements in the Peerless policy are compared to Zern's complaint and the complaint to join Wyatt as an additional defendant, it becomes clear that, for purposes of the underlying action, Wyatt qualifies as an additional insured. According to Appellants, because of their status as an additional insured under the relevant policy, Peerless is required to defend and, if necessary, indemnify Wyatt in the underlying action.

One of the endorsements Appellants rely upon in support of their position is entitled "ADDITIONAL INSURED - AUTOMATIC STATUS WHEN REQUIRED IN A CONSTRUCTION AGREEMENT WITH YOU - CONTRACTORS - COMPLETED OPERATIONS [(Endorsement 22-135)]." This endorsement provides, in pertinent part, as follows:

> A.  Paragraph 2. under SECTION II - WHO IS AN INSURED is amended to include any person or organization, when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy, but only with respect to liability for "bodily injury" or "property damage":
>
> 1.  Caused by "your work" performed for that additional insured that is the subject of the written contract or agreement.
>
> 2.  Included in the "products-completed operations hazard."
>
> ***

B. With respect to the insurance provided by this endorsement, the following are added to paragraph 2. Exclusions under COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY (SECTION I - COVERAGES):

This insurance does not apply

1. To "bodily injury" or "property damage" arising out of any act or omission of the additional insured or the additional insured's employees.

*** 

3. To "bodily injury" or "property damage" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services including … [s]upervisory, inspection, architectural or engineering activities[.]

Peerless' Motion for Summary Judgment, 5/1/2014, at Exhibit D.

The other endorsement Appellants rely upon in support of their position is entitled "ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU [(Endorsement 22-132)]." This endorsement provides, in pertinent part, as follows:

A. Paragraph 2. under SECTION II - WHO IS AN INSURED is amended to include as an additional insured any person or organization when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf;

- 6 -

in the performance of your ongoing operations for the additional insured that are the subject of the written contract or agreement ….

***

B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

1. "Bodily injury" or "property damage" arising from the sole negligence of the additional insured.

***

3. "Bodily injury", "property damage," or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including … [s]upervisory, inspection, architectural or engineering activities.

Peerless' Motion for Summary Judgment, 5/1/2014, at Exhibit E.

There is no dispute that Franklin and Wyatt agreed in writing that Wyatt would be added to Franklin's insurance policy as an additional insured through Endorsements 22-135 and 22-132. However, these endorsements clearly and unambiguously limit Wyatt's status as an additional insured to scenarios when Wyatt faces liability for, *inter alia*, bodily injury caused by the work, acts, or omissions of Franklin or those acting on behalf of Franklin. The plain language of these endorsements also excludes from coverage bodily injury caused by the negligence of Wyatt or bodily injury arising out of the rendering or failure to render, *inter alia*, supervisory activities. Stated

succinctly, Wyatt is an additional insured under the Peerless policy only when it is liable for bodily injury caused by Franklin.

The complaint to join Wyatt as an additional defendant incorporated the Zern complaint. To the extent that the Zern complaint is relevant to a determination of whether Wyatt qualifies as an additional insured under the Peerless policy, a comparison of that complaint to the Peerless policy clearly indicates that the allegations raised therein do not qualify Wyatt as an additional insured.

The Zern complaint did not name Wyatt as a defendant and indisputably claimed that Franklin's negligence was the sole cause of Zern's injuries. Appellants acknowledge this fact. Appellants' Brief in Opposition to Peerless' Motion for Summary Judgment and in Support of Appellants' Cross Motion for Summary Judgment, 5/20/2014, at 4 ("The Zerns sought to hold Franklin solely liable for the March 10, 2009 incident.").

However, a comparison of the complaint to join Wyatt as an additional defendant to the Peerless policy reveals that at least one allegation raised in that document potentially constitutes a claim within the scope of the policy's coverage. While Franklin dedicated a majority of the complaint to join to outlining why Wyatt's negligence caused Zern's injuries,[2] the complaint to join also contained the following averment.

---

[2] **See**, **e.g.**, Peerless' Motion for Summary Judgment, 5/1/2014, Exhibit A, at ¶17 ("If the plaintiff has sustained alleged injuries and damages as alleged, which are again denied, then said injuries and damages were

19. In the alternative, if [Franklin] is found to be negligent and liable to the plaintiff for his alleged injuries and damages, which is again denied, then [Wyatt] is also liable to the plaintiff for his alleged injuries to [(sic)] the negligence of [Wyatt] as set forth above, or **liable over to [Franklin] for contribution and indemnification**.

Peerless' Motion for Summary Judgment, 5/1/2014, Exhibit A, at ¶19 (emphasis added).

This averment leaves open the possibility that Wyatt could be found liable for Zern's bodily injury, even if Franklin caused the injury. Because the averment could potentially constitute a claim within the scope of the policy's coverage, Peerless has a duty to defend Wyatt unless and until the parties have confined the action to a claim to recovery which is excluded from the policy. Consequently, the trial court erred by granting Peerless' motion for summary judgment and, effectively, denying Appellants' cross motion for summary judgment. For these reasons, we reverse the trial court's order.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2015

---

directly and proximately caused by the negligence, carelessness, gross negligence and recklessness of [] Wyatt ….").